JOHN A. ORR ET AL., APPELLANTS, V. JOHN H. HALL ET AL., APPELLEES.

FILED JANUARY 18, 1906. No. 14,094.

Sales: STATUTE OF FRAUDS. An oral contract for the sale of goods, chattels, or things in action, for a price exceeding $50, is void, unless some of the goods, or evidences of some of the things, have been delivered to and accepted by the buyer, unless he shall have paid the whole or some part of the purchase price. Comp. St., ch. 32, sec. 9.

APPEAL from the district court for Scott's Bluff county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Wright & Wright, C. F. Manderson, W. A Dilworth, E. R. Duffie and J. E. Kelby,* for appellants.

*Kirkpatrick & Hager* and *J. H. Castleman, contra.*

AMES, C.

On or about December 1, 1903, appellant Orr, as the agent of appellant Leavitt, applied to appellee Hall to purchase from the latter ten shares of the capital stock of the Winters Creek Irrigation Company, a corporation of this state. At that time Hall was the owner of but seven shares of such stock, but had contracted and partly paid for the three additional shares desired. There was an oral agreement then made between Orr and Hall that the latter should complete his purchase within a week from that date, and should then execute a transfer of the whole ten shares to Leavitt, and deposit them in the First National Bank of Scott's Bluff, subject to the demand of Orr, who agreed that on or before that time he would deposit in it the sum of $900 to the use of Hall upon, and in consideration of, the delivery of the shares as aforesaid. Within the week Orr delivered to the bank a check on the "Irrigators Bank" payable to the order of the First National Bank and signed by the partnership of Wright,

Orr & Howard, of which Orr was a member. At the time of the delivery of the check to the bank, Orr also delivered to it a memorandum on a separate piece of paper as follows: "This amount to be paid on ten shares of Winters Creek stock of J. H. Hall, am to pay ninety cents on the dollar for same, are to be left at your bank for me with transfer. J. A. Orr." The check and memorandum were put in an envelope together, and were received and retained by the bank. Shortly afterwards certificates of ten shares of the stock were deposited by Hall with the bank, but without any transfer or assignment of them to Orr or Leavitt, and without any instruction or direction to deliver the same to either of them. On the contrary, he directed that they were to be kept, and they were kept, among the private papers of Hall in the bank, until some time later, when he transferred them to the bank as collateral security for a loan of money which he procured from it. In the meantime he explicitly refused, and still refuses, to transfer or deliver them to the plaintiffs or either of them. This is an action to compel a specific performance of the agreement, and resulted in the district court in a judgment of dismissal and for costs. The plaintiffs appealed.

We are unable to see how the decision could have been different. The agreement is made out with sufficient certainty and clearness. It rests wholly in parol, except the memorandum delivered to the bank by Orr which, if obligatory upon either of the parties, binds Orr, or Orr and his principal alone. The statute (Comp. St. 1903, ch. 32, sec. 9, Ann. St. 5958), expressly provides: "Every contract for the sale of any goods, chattels, or things in action, for the price of fifty dollars or more, shall be void unless, *first,* a note or memorandum of such contract be made in writing, and be subscribed by the party to be charged thereby; or, *second,* unless the buyer shall accept and receive part of such goods or the evidences, or some of them, of such things in action; or *third,* unless the buyer shall, at the time, pay some part of the purchase

money." Now, no memorandum subscribed by the party sought to be charged has ever been made, and such memorandum as was made was not made at the time of entering into the agreement, nor at any time in the presence, or with the concurrence, of the defendant. Nor were the shares, or any of them, or any evidences of them at any time delivered, or the purchase price or any of it at any time paid. Nor do we think that for any of these purposes the bank can be considered as the agent of either party, although it was proposed to make. it the agent of both parties in the capacity of stakeholder, and it did become such agent for the plaintiff Orr, but it did not have, and it was not contemplated that it ever should have, any authority as contracting agent for either party.

The check on the Irrigation Bank did not satisfy the requirement of the statute. It was not made or mentioned at the time of entering into the oral agreement, and it was not money, nor accepted as such or in lieu thereof, nor accepted at all, and it was not payable to the vendor nor delivered even to the First National Bank, except conditionally. For these reasons, we recommend that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.